# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

DARRYL L HINTON, )
)
       Petitioner, )
)
vs. )    Case No. 11-CV-216-GKF-FHM
)
TERRY MARTIN, Interim Warden, )
)
       Respondent. )

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner, a state inmate appearing pro se.[1] Respondent filed a response (Dkt. # 16) and provided copies of the state record for use by the Court in this habeas action. See Dkt. # 18. Petitioner filed a reply (Dkt. # 19). For the reasons discussed below, the petition for writ of habeas corpus is denied.

## *BACKGROUND*

On March 21, 2008, Quincella Vann went to bed at the home she shared with her husband, Petitioner Darryl Hinton, in Bristow, Oklahoma, while Petitioner was down the street at a birthday party. (Dkt. # 18-1, Tr. at 164-65). At approximately 9:30 p.m., Petitioner awoke Vann by grabbing her hair, pulling her out of bed, and throwing her into the bathroom. Id. at 166-68. Petitioner accused Vann of cheating on him. Id. at 166. A violent struggle ensued with Petitioner punching Vann on the head, face, chest, and back and Vann pushing Petitioner and grabbing him by the throat. Id. at 168-169. Vann managed to escape by running out of the house and across the street to a neighbor's house for help. Id. at 170-71. Petitioner chased her across the street, with a machete in

---

[1]On February 6, 2012, Petitioner filed a change of address with the Court. Petitioner stated he was released from the Oklahoma Department of Corrections on January 20, 2012. (Dkt. # 24).

his hand, to the neighbor's front porch where he threw her against the front door several times. Id. at 173.

While Petitioner was distracted by two neighbors, Vann ran back to their house and called 911. Id. at 174. Before she could speak to the 911 dispatcher, Petitioner came up on her with the machete. Vann dropped the phone, but did not hang up. Id. at 176. Petitioner told Vann, "[b]itch, I'm gonna kill you. . . . I'm not gonna tolerate this shit. You not gonna f–k around on me and think I'm gonna tolerate it. No, you gonna die tonight." Id. at 177. Petitioner swung the machete in the air and just missed Vann as he swung it down towards her. Id. at 178.

Police arrived on the scene and observed Petitioner holding a machete in his right hand and hitting Vann's torso and head with his left hand. Id. at 121. They ordered Petitioner to drop the machete. After several commands from police, Petitioner threw down the machete and backed away from Vann. The police ordered Petitioner onto the ground, but he only got onto "all fours." Id. at 128, 150. Police eventually forced Petitioner to the ground, but he continued to resist. Id. at 129, 150. Police testified that Petitioner had a strong odor of alcohol on his person. Id. at 130, 151. After the police handcuffed Petitioner and placed him in a cruiser, they recovered the machete and also found a pocket knife on the floor inside the front door. Id. at 139. Both the machete and the pocket knife appeared to have small amounts of blood on them. Id. at 139-40. The police also discovered Vann was bleeding from various areas of her torso, was missing chunks of hair, and had other obvious signs of an assault. Id. at 136-38. Paramedics arrived, observed lacerations and bleeding on Vann's torso, and transported her to a hospital. Id. at 159.

Based on those events, Petitioner was charged, by Third Amended Information filed in Creek County District Court, Case No. BCF-2008-71, with Assault and Battery with a Dangerous Weapon

(Count I), Resisting an Officer (Count II), and Public Intoxication (Count III). On October 17, 2008, a jury convicted Petitioner of all counts. (Dkt. # 18-1 at 216-17). The jury recommended sentences of five (5) years imprisonment on Count I, one (1) year imprisonment on Count II, and thirty (30) days in the county jail on Count III.[2] Id. The trial judge sentenced Petitioner in accordance with the jury's recommendation and ordered the sentences to run consecutively. Petitioner was represented at trial by attorney James Dennis.

Petitioner, represented by attorney Virginia Sanders, perfected an appeal to the Oklahoma Court of Criminal Appeals (OCCA). On appeal, Petitioner raised seven (7) propositions of error, as follows:

> Proposition One: Darryl Hinton was denied due process of law when the trial court gave improper jury instructions on several critical points of law. This was prejudicial to Appellant's defense.
>
> Proposition Two: Admission of highly improper evidence and prejudicial statements of Mr. Hinton at trial resulted in denial of Appellant's fundamental right to a fair trial and violated his rights under the federal and Oklahoma Constitutions.
>
> Proposition Three: Prosecutorial misconduct served to deny Appellant his right to due process of law and a fair trial and resulted in an excessive sentence.
>
> Proposition Four: Darryl Hinton was denied a trial in front of an impartial jury of his peers in violation of his constitutional rights under both the Oklahoma and United States Constitutions.
>
> Proposition Five: The evidence was insufficient to prove Appellant guilty of Count 1 - Assault and Battery with a Dangerous Weapon and Count 2 - Resisting an Officer.
>
> Proposition Six: Based on all of the facts and circumstances, Appellant received an excessive sentence which should be favorably modified.

---

[2]The jury also recommended a fine of $500 on Count III, but the judge struck the fine at sentencing.

> Proposition Seven: The cumulative effect of all the cited errors deprived defendant of a fair trial and warrants relief for Darryl Hinton.

(Dkt. # 16-1). In an unpublished Summary Opinion, filed February 1, 2010, in Case No. F-2008-1235, the OCCA affirmed Petitioner's Judgment and Sentence. (Dkt. # 16-3). Petitioner also states that he filed a motion for a writ of mandamus/prohibition at the Oklahoma Supreme Court, citing "denial of access to the courts" as the ground raised. (Dkt. # 1 at 2-3, 13). He further states that on February 7, 2011, the Oklahoma Supreme Court ruled on his motion.[3] Id. at 13.

On March 8, 2011, Petitioner commenced this habeas corpus action. (Dkt. # 1). In his petition, Petitioner identifies one ground for relief. Petitioner claims there was insufficient evidence to convict him of a felony. Id. at 5. Respondent argues that the OCCA's decision is not contrary to or an unreasonable application of federal law as determined by the Supreme Court. Petitioner filed a reply, arguing that he was improperly charged with a felony under Oklahoma statutes and the evidence was insufficient to convict.[4] (Dkt. # 19).

---

[3] The docket sheets for Petitioner's cases filed in the appellate courts for the State of Oklahoma, see www.oscn.net, reflect that on February 22, 2010, after the OCCA affirmed Petitioner's conviction on direct appeal in Case No. F-2008-1235, Petitioner tendered a pro se motion for rehearing. The OCCA denied that motion on March 8, 2010. Thereafter, on September 20, 2010, Petitioner filed a motion for a writ of habeas corpus at the OCCA in Case No. HC-2010-895. The OCCA dismissed that motion on November 23, 2010. At the Oklahoma Supreme Court, Petitioner filed a motion for writ of mandamus/prohibition on December 17, 2010, in Case No. MA-109,022. The Oklahoma Supreme Court dismissed that motion for lack of jurisdiction on February 7, 2011. See OKLA. CONST. art. 7, § 4 (providing that OCCA has exclusive appellate jurisdiction in criminal cases).

[4] In his reply (Dkt. # 19), Petitioner also appears to raise a claim that the jury was improperly instructed as to circumstantial evidence. Id. at 2. This claim, first raised in the reply, will not be considered because it is not properly before the Court. See, e.g., Tyler v. Mitchell, 416 F.3d 500, 504 (6th Cir. 2005) (finding that raising an issue for the first time in a reply brief is insufficient to preserve it).

4

*ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must decide whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. at 510. Petitioner fairly presented the substance of his claim to the OCCA on direct appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied as to the claim raised in the petition.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Claim adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence." 28 U.S.C. § 2254(e)(1). In affirming the trial court's judgment and sentence, the OCCA adjudicated the claim raised in the petition. Thus, this Court shall review Petitioner's claim under § 2254(d).

Petitioner raises a single ground of relief, characterized by the Court as a claim of insufficient evidence to support a felony conviction. Plaintiff argues there was "no evidence at all that my wife was stabbed or that I had the knife in my hand[,] only conjuncture [sic]." (Dkt. # 1 at 5). Petitioner further argues there was "no evidence presented that the pocket [knife] was in my hand an[d] that she is [sic] stabbed [and] no medical testimony in the transcript of any life threatening injuries." (Dkt. # 19 at 2). Petitioner claims Oklahoma statutes "clearly state[] any person comitt [sic] assault and battery on a spouse must be charge[d] with domestic abuse [and] . . . first offense shall be deemed a misdemeanor." Id. at 1.

The OCCA found that "viewing the evidence in the case in the light most favorable to the State, . . . it was sufficient to prove beyond a reasonable doubt that Appellant was guilty of assault and battery with a dangerous weapon for stabbing the victim with the pocket knife and for resisting an officer." (Dkt. # 16-3 at 3). The OCCA also found that Petitioner's sentence did not "shock the conscience of the Court." Id. Respondent argues that this decision is "not contrary to or an unreasonable application of federal law." (Dkt. # 16 at 4).

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Dockins v. Hines, 374 F.3d 935,

6

939 (10th Cir. 2004) (citing Jackson, 443 U.S. at 319). In other words, it "impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law." Jackson, 443 U.S. at 319. The court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993).

Petitioner was charged and convicted of Assault and Battery with a Dangerous Weapon in violation of OKLA. STAT. tit. 21, § 645. (Dkt. # 18-1, Tr. at 103). Under Oklahoma law, a person is guilty of Assault and Battery with a Dangerous Weapon if that "person who, with intent to do bodily harm and without justifiable or excusable cause, commits . . . assault and battery upon the person of another with any sharp or dangerous weapon . . . with intent to injure any person, although without the intent to kill such person or to commit any felony." OKLA. STAT. tit. 21, § 645.

After a review of the record and the evidence in a light most favorable to the State, a reasonable jury could have found proof beyond a reasonable doubt that Petitioner was guilty of assault and battery with a dangerous weapon. The State provided sufficient testimony and circumstantial evidence to prove Petitioner stabbed Vann. First, Vann and two police officers testified that Petitioner had a machete in one hand while he was punching Vann with the other in front of their house. An officer testified that both the machete and a second, smaller knife, found on the floor near the machete, had blood on them. Additionally, testimony from a police officer and a paramedic described puncture wounds and bleeding on Vann's torso, consistent with where Petitioner punched Vann during the attack. Third, the responding paramedic expressed concern about injury to Vann's lungs based on his observations of the wounds. Paramedics transported Vann to a hospital with a trauma center, where she had a blood transfusion because she was losing blood.

7

Finally, Petitioner told Vann he was going to kill her during the assault. The State presented sufficient evidence for a reasonable jury to find Petitioner guilty of the crimes charged.

Therefore, the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to, or an unreasonable application of, of federal law as determined by the Supreme Court or an unreasonable determination of the facts in light of the evidence presented at trial. See 28 U.S.C. § 2254(d)(1), (2); Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has yet to decide whether sufficiency of the evidence on habeas review presents a question of law or fact). Habeas corpus relief is denied.

The Court also notes that, to the extent Petitioner argues he has been denied access to the courts, the claim lacks merit in light of the record demonstrating that the state courts have ruled on Petitioner's issues. Additionally, to the extent Petitioner claims that he was charged under the incorrect Oklahoma statute, that claim is not cognizable on habeas review and, for that reason, is denied. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the role of a federal habeas corpus court to correct errors of state law).

**C.      Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a

court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason. See Dockins, 374 F.3d 935. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record, the Court concludes that Petitioner has not established that he was in custody in violation of the Constitution or laws of the United States. Therefore, the petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.
2. A certificate of appealability is **denied**.
3. A separate judgment shall be entered in this matter.

**DATED** this 29th day of May, 2014.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT